IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CARDARYLO J. SNYDER, #20382            PLAINTIFF

v.            3:22CV00181-DPM-JTK

FELICIA ROWLAND, et al.            DEFENDANTS

**ORDER**

Cardarylo Snyder ("Plaintiff") is in custody at the Greene County Detention Center. He filed a Motion to Proceed In Forma Pauperis in order to commence a pro se federal civil rights action without prepayment of the $402.00 filing fees and costs. (Doc. No. 3).[1] Plaintiff's Motion (Doc. No. 3) is DENIED because he did not include the required affidavit in support of his Motion.

According to the Prison Litigation Reform Act ("PLRA"), **a prisoner who is allowed to file a civil action in forma pauperis still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid the prisoner is required to submit a certificate and calculation sheet prepared and signed by an

---

[1] Effective December 1, 2020, the civil filing fee increased to $402, due to the implementation of a $52 administrative fee. This $52 fee does not, however, apply to plaintiffs who are granted in forma pauperis status.

1

authorized official of the incarcerating facility.   This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint.   See 28 U.S.C. § 1915(a)(2).   **The prisoner is also required to submit "an affidavit that includes a statement of all assets such prisoner possesses . . . ."   28 U.S.C. § 1915(a)(1).**   The Act provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

As mentioned above, Plaintiff did not submit the required affidavit with his IFP Motion. The Court needs Plaintiff's affidavit in ruling on Plaintiff's IFP Motion.   The Court notes that Plaintiff filed a signed calculation sheet and certificate.   (Doc. No. 3 at 1-2).   Plaintiff does not need to send those documents again.

IT IS, THEREFORE, ORDERED that

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 3) is DENIED without prejudice.

2. Plaintiff must submit either the $402 statutory filing fee, or a complete affidavit in support of his IFP Motion, within thirty (30) days of the entry date of this Order.[2]

3. The Clerk of the Court is directed send to Plaintiff an in forma pauperis application.

IT IS SO ORDERED this 1st day of August, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which provides, in part: "If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.   Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."